ALEXANDER SARGEANT, who sues for the use of Alonzo Huntington, plaintiff in error, v. SHERMAN KELLOGG et al., defendants in error.

*Error to Kendall.*

The possessory claims of settlers on the public lands have been recognized as valid, and the proper subject matter of sale and transfer, by various statutes and decisions in this State.

Where a note is assigned after maturity, the maker is permitted to interpose the same defence against the assignee, which he might make in an action brought in the name of the payee.

Under the statute of this State, unliquidated damages arising out of contracts, express or implied, may be set off in actions *ex contractu.* This, however, cannot be done, where the claim for unliquidated damages is totally disconnected with the plaintiff's cause of action.

Where various objections may be made to evidence, some of which may be removed by other proof, the party making the objection should point out specially those insisted on, and thereby put the adverse party on his guard and afford him an opportunity to obviate them.

To constitute a valid claim to unsurveyed public lands, the claim must be so plainly marked and designated, as to be distinguished from adjacent lands.

DEBT, in the Kendall Circuit Court, brought by the plaintiff in error against the defendants in error, and heard before the Hon. John D. Caton and a jury, at the August term, 1843, when the issues were found for the defendants.

A statement of the pleadings and evidence in the case will be found in the Opinion of the Court.

*O. Peters,* for the plaintiff in error.

I.   The written instrument showing the sales of the claim or improvements was improperly admitted as evidence, because,

1.   The defence set up is, that the consideration of the note has failed, or that it was without consideration. To show this, the defendants aver that the consideration was the sale of a claim on Government land. The written instrument shows that it was given for improvements. It was therefore inadmissible as not tending to prove the issue, but rather disproving the issue. The Court must try the issues as the parties make them. *Phelps* v. *Jenkins,* 1 Scam. 48.

2. There was no proof of the execution of the instrument. This is not a case where its execution must be denied under oath, but its execution must be proved. Rev. Stat. 415.

II. So, also, the parol proof offered and permitted to go to the jury was inadmissible, for the reason that the written instrument shows that the note was given, not for a claim as alleged in the pleading, but for improvements. Proving failure of title to the claim or fraud in the sale of the claim, in no way tended to show a failure or want of consideration of a note given for an entirely different subject matter, viz: improvements upon the public lands. These improvements are made a good consideration for a note or contract by statute. Rev. Stat. 366, § 1; R. L. 420.

III. The parol proof was also inadmissible, because it contradicted the written instrument introduced by the plaintiffs themselves.

That instrument was conclusive that there was no such failure of consideration, or want of consideration as is set up in the defence. The parties are bound by the recitals in the deed.

The evidence related wholly to a tract of land which did not constitute any part of the consideration of the note, thus attempting to contradict and vary the terms of the contract which the defendants themselves had read in evidence. The rule is too well settled to require a reference to authorities to sustain it.

IV. The whole defence set up in the notice is insufficient, because it no where appears that the defendants were ousted of their possession, or that Pierce ever asserted any right to the claim, or ever was in possession thereof, or that defendants have in any way suffered from the supposed fraudulent representations, or are likely to do so.

V. The decision of the Court was erroneous in refusing the instruction asked for by the plaintiff, and in giving the instruction asked for by the defendants.

The objection to this instruction is based on the statute of 1837, re-enacted in the Revised Statutes. Rev. Stat. 336,

§§ 2–4. The statute requires that the claim shall be "so plainly marked that it can be plainly designated and distinguished from adjacent lands." To say that a natural object is marking out the claim is an absurdity. The object and language of the statute requires that some affirmative act should be done. Doing nothing and leaving the land as nature left it would not notify those wishing to make adjacent claims how far to extend them, or when they were encroaching upon another's claim. The intention of the Legislature must have been that the party claiming by constructive possession should do something to indicate his intention.

The set-off ought not to be allowed. None of the cases go so far as to allow it. The set-off here claimed does not arise out of the contract of sale and giving of the note, but out of an alleged fraud inducing to the contract.

In *Edwards* v. *Todd,* 1 Scam. 463, the set-off claimed, arose out of the conduct of the captain of the vessel in the execution of the contract. He had contracted to carry the goods, the law implying proper diligence in the fulfillment of the contract; the loss by the negligence and carelessness in doing what he had agreed to do, is subject matter of set-off. The Court say: (p. 465,) "The investigation, then, is confined to an ascertainment of the performance of the contract between the parties, according to its legal import and effect," and whether the contract has been performed, &c. The Court, also, (on p. 467,) place the decision on the ground that the master or owner would be liable in an action of *assumpsit* for the loss of the goods.

In *Nichols* v. *Ruckels,* 3 Scam. 298, which was an action to recover an account, the set-off claimed grew out of a written contract for the sale of a lot, and does not reach this case.

I rely on the case of *Hawks* v. *Lands,* 3 Gilm. 227, 232, to show that this set-off should not be allowed. This action was *assumpsit* for money lent, &c., and account stated; set-off pleaded of amount of the value paid for a lot, &c., and the Court say, that the cases have only gone the length, that

damages arising out of the contract on which the suit was brought, are properly the subject of set-off, and that no warrant is found for extending it further. The contract in this case was for the sale of improvements on public lands, and for an unimproved claim. This suit is not brought for any breach of this contract of sale, or in any way to enforce it. The amount here claimed as a set-off, is in the nature of damages for a false representation of title, inducing to the sale. The remedy for this, for the defendants would be, not an action of *assumpsit*, but an action on the case for the deceit. *Ward* v. *Wiman*, 17 Wend. 193.

In *Massie* v. *Crawford*, 3 Mon. 219, the Court say: "In an action founded upon a deceit in the sale of a thing, the declaration must necessarily be in tort." 1 Com. Dig. 358, A. 11; see, also, 1 U. S. Dig. (Supplement,) 517, title, *Deceit.* This undoubtedly is the rule. The pleas (notices) in the case at bar, set up a fraudulent representation as to the sale. This, if anything, is a tort, for which *assumpsit* will not lie. It does not grow out of it, nor from any act under it. It precedes it, and is not within any of the cases allowing off-sets, that have been decided in this Court.

As it is said in *Hawks* v. *Lands*, 3 Gilm. 232, such construction would involve irremediable injustice and endless confusion; "it would invest justices of the peace with full jurisdiction over questions involving the title to, and covenants concerning real estate," &c.

It is true, that the unliquidated damages claimed as a set-off, grew out of transactions between these parties. But they do not arise out of that part of their transactions for which the note in suit was given; that was for improvements. The damages claimed are for the misrepresentation relative to the claim—the unimproved land—another subject matter of contract entirely. But if it were otherwise, as it is a tort, and the remedy is only by an action for a tort, it ought not to be set off; and especially so, when it is clear that it is a claim not for any act under the contract, but merely inducing to it.

It seems to me that the distinction between a case where a party is seeking to recover, as in the case of the vessel, and this case, is quite apparent.

*B. F. Fridley*, and *M. Brayman*, for the defendants in error.

The Opinion of the Court was delivered by

TREAT, C. J. This was an action of *debt*, brought by Alexander Sargeant against Sherman and George W. Kellogg. The declaration was on a promissory note for $770, made by the defendants to John Sargeant on the 20th of October, 1837, payable in one year, credited with $220, paid on the 25th of October, 1837, and assigned by the payee to the plaintiff on the 7th of February, 1838.

The defendants pleaded *nil debet*, and gave notice of set-off; *first*, that the note was assigned after it became due, and that the payee was indebted to them in the sum of one thousand dollars, for money had and received, and for money paid; and *second*, that the note was assigned after it became due, and that the payee, at the date thereof, sold the defendants a claim on Government land for the sum of $1500, $730 of which was then paid, and the note given for the payment of the residue; that to a part of the claim, the part unimproved, of the value of $1000, the payee at the time fraudulently represented that he had a good title and right of possession, except as against the United States; whereas, in fact, he had no title, claim, or right of possession whatever.

On the trial, the plaintiff read in evidence the note and indorsements without objection. The defendants introduced evidence tending to show that the note was assigned after it became due. They then offered in evidence an agreement under seal, between John Sargeant of the first part, and themselves of the second part, bearing date the 20th of October, 1837, and declaring, "that the said party of the first part has this day sold and quitclaimed and set over unto the said party of the second part, all right, title, interest, and claim, which I may have, either in law or

equity, to the claim of land hereinafter described and bounded, for and in consideration of the sum of fifteen hundred dollars, payable as follows, to wit : six hundred and fifty dollars in money to me in hand paid, and one gray mare, for which I acknowledge the receipt of eighty dollars, which is received and paid for the unimproved ,part of the claim of land bounded as follows, to wit : On the southwest by Fox River, and by John Pierce's claim on the south, running west one mile, thence running north about one hundred rods ; thence running parallel with Gorton's claim back to the river to the place of beginning supposed to contain about two hundred acres, be the same more or less : also a timber lot formerly owned by Wm. Wilson, and bounded as follows, to wit : situate on the east side of Fox River, nearly opposite Gorton's flouring-mill, beginning at a small burr oak tree and running on Wm. Wilson's old line, supposed to be an east course, to a forked hickory tree adjoining Daniel Pierce's, thence a south course to a white oak tree marked, and thence running a west course to a white oak stump and a red oak stump on the bank of Fox River, opposite Gorton's mills, except three acres of said timber running on the bank of said river, both of which claims are situate in Kane county, and State aforesaid, and the further sum of seven hundred and seventy dollars, which the party of the second part have this day given their note, payable one year from date, for the improvements on the claim aforesaid."

The plaintiff objected generally to the introduction of the agreement, but the Court overruled the objection, and permitted it to be read in evidence.

The defendants then offered evidence tending to show that, at the date of the agreement, John Sargeant represented to them that he was the owner of a settler's claim to the whole of the tract first mentioned in the agreement, and that the representations were falsely and fraudulently made ; that one Pierce had at the time a settler's claim to about one hundred acres thereof, worth six or seven hundred dollars ; and that he, at the time of the assignment, stated that he assigned the note, and ante-dated the assignment, for the

purpose of avoiding any defence. This evidence was admitted against the objections of the plaintiff.

The plaintiff asked the Court to instruct the jury: "That in order to constitute a valid legal claim of Pierce to cover part of the claim of Sargeant, it must have been plainly marked by artificial marks on all sides thereof, so that it could be designated." The Court refused the instruction, and in lieu thereof gave the following : "That a natural boundary, as a river, or other natural object, which, in the opinion of the jury, would sufficiently designate the said tract from the adjacent land, would be sufficient." The jury found for the defendants.

The several decisions of the Court in admitting evidence, and in giving and refusing instructions, are assigned for error.

The bill of exceptions does not purport to contain all of the evidence introduced on the trial, but enough of the case is reported to show clearly that the jury was authorized to find that the note was assigned after it became due, and that the payee, at the time of the assignment, was indebted to the makers for money had and received, on a consideration that had failed in an amount equal to the balance then due on the note.

The possessory claims of settlers on the public lands have been recognized as valid, and the proper subject matter of sale and transfer, by various statutes of this State, and the repeated decisions of this Court. Acts of 1831, p. 82; Acts of 1836-7, p. 154; Acts of 1838-9, p. 124 ; Rev. Stat. ch. 61 ; *Turney* v. *Saunders,* 4 Scam. 527 ; *French* v. *Carr,* 2 Gilm. 664; *Switzer* v. *Skiles,* 3 do. 529. It is but fair to conclude from the evidence that the defendants, in parting with their money, relied on the representations of Sargeant, and believed they were acquiring a valid claim to the land, such a claim as the laws recognized, and the Courts would enforce against all but the United States and its grantee. If the representations were untrue, and they in fact acquired no right by the purchase, an action accrued to them to recover back the amount advanced, as so much money paid

on·a consideration that had failed. The·chief question is, whether this demand could be set-off in the action on the note. Where a note is assigned after maturity, the maker is permitted to interpose the same defence against the assignee, which he might make in an action brought in the name of the payee. Rev. Stat. ch. 73, § 8. Under our statute, un-liquidated damages arising out of contracts, express or implied, may be set off in actions *ex contractu.* *Edwards* v. *Todd,* 1 Scam. 462; *Nichols* v. *Ruckels,* 3 do. 298; *Kaskaskia Bridge Co.* v. *Shannon,* 1 Gilm. 15. This, however, cannot be done, where the claim for unliquidated damages is totally disconnected with the plaintiff's cause of action. *Hawks* v. *Lands,* 3 Gilm. 227. The demand here interposed by way of set-off, arose out of contract, a contract implied in law to refund the amount advanced by the defendants, in the event they did not obtain that for which they parted with the money. It is true, they might have sued the seller in case for deceit in the sale; but they had the right to waive the tort, and sue in *debt,* or *assumpsit* for so much money had and received by him to their use, which in equity and good conscience he ought not to retain. Nor is the demand, as in the case of *Hawks* v. *Lands,* of a matter wholly disconnected with the plaintiff's cause of action. It had its origin in the same transaction. The payment of the money and the giving of the note were in part execution of the same contract, the whole relating to the land and the improvements thereon. In the opinion of the Court, this demand was the proper subject matter of set-off to the extent of the amount due on the note. Of course, the defendants could not in this action recover any balance due them from the payee. They could only prevent the assignee who received the note subject to all of the defences existing against it in the hands of the payee, from recovering a judgment, when, in point of fact, the payee was indebted to them.

The agreement was properly admitted in evidence. It was a part of the transaction out of which the note and set-off arose. The general objection to its introduction must be understood as only raising the question of the·rele-

vancy of the agreement as evidence. If objected to because the preliminary proof of its execution was not made, that special obj ection should have been taken. Where various objections may be made to evidence, some of which may be removed by other proof, the party making the objection ought to point out specifically those he insists on, and thereby put the adverse party on his guard, and afford him an opportunity to obviate them. He ought not to be permitted, after interposing a general objection, to insist on particular objections in this Court, which, if even suggested in the Court below, might have been instantly removed. A due regard to the character of the Courts and the rights of suitors will not for a moment tolerate such a practice.

To constitute a valid claim to unsurveyed public lands, the claim must "be so plainly marked and designated, as to be distinguished from adjacent lands." Rev. Stat. Ch. 61, § 4. The object of this requisition is to notify the public what lands are located, so that all conflicting claims among settlers may be avoided. The claim is to be so designated by the owner as that its precise locality and extent may be ascertained. When this can be readily done, the whole design of the provision is accomplished. Natural objects may be used where they fully answer the purpose. A claim, so marked on three sides as to point the inquirer directly to a river or other natural object as the boundary on the other side, might be as easily ascertained and defined, as a claim in the open prairie entirely surrounded by a furrow, or a claim in the timber indicated by marked trees the entire extent of the line. The instruction thus asked for, goes the length of invalidating every claim not artificially marked on all sides, whether such marks are necessary to distinguish it from the adjacent lands or not. The instruction given by the Court in its stead, we think, asserts the more reasonable rule.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*